**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION**

BARRY WAYNE STEWART                                                                      PLAINTIFF
ADC # 90371


V.                                          2:07CV00094 WRW/HDY


MOSES JACKSON, Captain, East Arkansas Regional
Unit; RANDY WATSON, Asst. Warden, Arkansas Department
of Correction; MARICE M. WILLIAMS, Chief Security,
East Arkansas Regional Unit, Arkansas Department of Correction;
WILLIAM GAY, Mental Health Counselor, East Arkansas
Regional Unit, Arkansas Department of Correction; CHRISTY
C. GREEN, Classification Officer, East Arkansas Regional
Unit, Arkansas Department of Correction; CHERYL
EVANS, East Arkansas Regional Unit, Arkansas Department of Correction          DEFENDANTS


## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge

William R. Wilson, Jr.  Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.  If the

objection is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than eleven (11) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.   Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

1

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.  The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary

hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, an inmate at the East Arkansas Regional Unit of the Arkansas Department of

Correction, filed a *pro se* Complaint (docket entry #1) and now an Amended Complaint (docket

entry #7) pursuant to 42 U.S.C. § 1983.  After carefully reviewing Plaintiff's allegations in his

Complaints, in accordance with its screening function under 28 U.S.C. § 1915A, the Court

recommends that Plaintiff's claims be dismissed with prejudice for failure to state a claim for relief.

## I. Screening

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints

seeking relief against a governmental entity, officer, or employee.  28 U.S.C.  § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.   28 U.S.C.  § 1915(A)(b).

In conducting its review, the Court is mindful that a complaint should be dismissed for failure to state a claim only if it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998).  The Court must accept the factual allegations in the complaint as true and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers. . . ."  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). However, such liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989).  A plaintiff's complaint still must contain allegations sufficient to state a claim, as a matter of law, and must not be merely conclusory in its allegations. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## II.  Analysis of Plaintiff's Factual Allegations

Plaintiff's Complaint alleges that when he went to his classification hearing, Defendant Jackson called him a "booty [bandit]," apparently a reference to homosexual activity, which Plaintiff contends is "sexual harassment."   He adds that he "feels as though Captain M. Jackson might retaliate against me, or indirectly through another officer under his rank."   Plaintiff adds that he anticipates he will be retaliated against by Defendant Jackson because Plaintiff filed an informal grievance resolution form because Defendant Jackson told Plaintiff that he had seen the grievance. Plaintiff adds that he does not feel safe at this unit, and fears that Defendant Jackson "might" harm

him or send another officer to harm him. "Though I haven't suffered from actual physical damages," writes Plaintiff, "I am suffering from stress, worrying, fear, and mental trauma, mental anguish." Since Plaintiff has filed this action (which has not been served on any of the Defendants) Defendant Jackson "has come by my barracks and shined his flashlight in my face."

"I haven't suffered from any physical harm, but I have suffered from stress, fear, mental anguish," contends Plaintiff.   He also claims that the other named Defendants, Assistant Warden Randy Jackson, Chief of Security Marice Williams, Mental Health Counselor William Gay, Classification Officer Christy Green, and Lt. Cheryl Evans, were in the classification committee meeting where Defendant Jackson called Plaintiff a "booty bandit" and failed to correct Defendant Jackson's "unprofessional, disrespectful conduct" and therefore condoned it.

## A.  Verbal Abuse and Threats

Plaintiff's allegations of verbal abuse and harassment simply do not state a claim under § 1983.  Generally, verbal abuse and even threatening conduct is not actionable under § 1983.  *See Martin v. Sargent*, 780 F.2d 1134,1338 (8th Cir. 1985).   The Eighth Circuit has held that a threat amounts to a constitutional violation only when it is so brutal or wantonly cruel as to shock the conscience.  *See Burton v. Livingston*, 791 F.2d 97 (8th Cir. 1986).

Plaintiff has not alleged a single instance of injury as a result of the alleged actions by Defendant Jackson or any of the other Defendants.  Pursuant to a provision of the PLRA, codified at 42 U.S.C. § 1997e(e), no federal civil action may be brought by a prisoner for mental or emotional injury, without an accompanying physical injury. Plaintiff's Complaints states only that the Defendants's actions have caused him mental and emotional stress.   "The Constitution does not protect against all intrusions on one's peace of mind. Fear or emotional injury which results solely

from verbal harassment or idle threats is generally not sufficient to constitute an invasion of an identified liberty interest." *King v. Olmstead County*, 117 F.3d 1065, 1067 (8th Cir.1997).

In analyzing Plaintiff's complaint, it is helpful to review how the issue of "injury" has been considered in other contexts. The Eighth Circuit "has specifically rejected the 'significant injury' requirement" for excessive force claims. *Lambert v. City of Dumas*, 187 F.3d 931, 936 (8th Cir.1999). The court explained, "Assuming without deciding that [a plaintiff bringing an excessive force claim against police officers] must have suffered some minimum level of injury to proceed . . ., we conclude that the necessary level of injury is actual injury." *Id.* (citation omitted).

To prevail on a Fourth Amendment excessive force claim, the Eighth Circuit has stated that a plaintiff must show an "actual injury." *Hanig v. Lee*, 415 F.3d 822, 824 (8th Cir.2005), *citing Dawkins v. Graham*, 50 F.3d 532, 535 (8th Cir.1995). The Eighth Circuit has specifically held that the following examples constitute "actual injury": 1) "bruises and a facial laceration," 2) "bruised knees and elevated blood pressure," 3) "post-traumatic stress disorder," or 4) a "single small cut of the lateral right eyelid and small scrapes of the right posterior knee and upper calf." *Id.* (citations omitted). *See also Mayard v. Hopwood*, 105 F.3d 1226, 1228 (8th Cir.1997)(holding that "a police officer's slapping in the face and punching in the chest a handcuffed and hobbled prisoner while using a racial epithet are actions that result in a cognizable constitutional injury").

The question for this court is whether Plaintiff has any "physical injury" that can serve as the basis for his excessive force or mental and emotional suffering claims. The Supreme Court has defined the parameters for Eighth Amendment claims arising out of injuries suffered by prisoners at the hands of prison guards: whether force was applied in good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *Hudson v. McMillian*, 503 U.S. 1, 7, 112

S.Ct. 995, 999, 117 L.Ed.2d 156 (1992). The absence of serious injury, while relevant to the inquiry, does not preclude relief. *Id.* Most courts rely upon the "well established Eighth Amendment standards [to] guide our analysis in determining whether a prisoner has sustained the necessary physical injury to support a claim for mental or emotional suffering. That is, the injury must be more than *de minimus*, but need not be significant. *Siglar v. Hightower*, 112 F. 3d 191, 193 (5th Cir. 1997).

To prove a claim of excessive force in violation of the Eighth Amendment prohibition against cruel and unusual punishment, Plaintiff must show the force was applied maliciously and sadistically to cause harm, rather than in a good-faith effort to maintain or restore discipline. *Hudson v. McMillian*, 503 U.S. 1, 6-7, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). Plaintiff must prove actual injury, and cannot recover for *de minimus* use of force unless the *de minimus* force is repugnant to the conscience of mankind. *Hudson*, 503 U.S. at 9-10; *Cummings v. Malone*, 995 F.2d 817, 822 (8th Cir.1993)(proof of actual injury required). *See e.g., Lawson v. Vance*, 41 Fed. Appx. 24, 2002 WL 1726921 (8th Cir. 2002)(even assuming that Defendant slapped Plaintiff on purpose and without provocation, where Plaintiff cannot show he was actually injured, with some visible signs of injury or symptoms, the use of force was *de minimus* and does not give rise to a constitutional claim).

Here, Plaintiff has not alleged even a specific threat by Defendant Jackson, only that he made rude comments and shined a flashlight into his cell.  There being no evidence of any actual injury caused by any of the Defendants, the Court concludes that the injury to Plaintiff, if any, cannot be regarded as more than *de minimis*.  While such comments or actions may be unprofessional and inappropriate, verbal harassment is not actionable. These allegations simply fail to state a claim for relief, as to Defendant Jackson or to any of the other named Defendants.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED that:

1)   Plaintiff's Complaints (docket entry ## 1 and 7) be DISMISSED WITH PREJUDICE

for failure to state a claim upon which relief may be granted; and

2)   Dismissal of this action constitute a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

DATED this ___18___ day of October, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1]

  Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal
a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while
incarcerated or detained in any facility, brought an action or appeal in a court of the United States
that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which
relief may be granted . . . ."